UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD T. MORRIS, | : | Hon. Joel A. Pisano |
| Petitioner, | : | Civil No. 07-0672 (JAP) |
| v. | : | |
| MICHELLE RICCI, et al., | : | OPINION |
| Respondents. | : | |

APPEARANCES:

    RICHARD T. MORRIS, 410029B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

    WILLIAM P. FISHER, ASSISTANT PROSECUTOR
    JOSEPH L. BOCCHINI, JR., MERCER COUNTY PROSECUTOR
    Broad & Market Streets
    Trenton, New Jersey 08650
    Attorneys for Respondents

PISANO, District Judge

    Richard Morris filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Mercer County, on January 28, 1994, and amended April 29, 1996.  Respondents filed an Answer, together with several exhibits from the state court record.  Although given an opportunity to do so, Petitioner filed no reply.  For the reasons expressed below, this Court will dismiss the Petition with prejudice as untimely and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Mercer County, on January 28, 1994, after a jury found him guilty of murder, felony murder, and robbery.  The Law Division initially sentenced Petitioner to an aggregate term of life imprisonment plus 15 years, with 35 years of parole ineligibility.  Petitioner appealed, and on January 31, 1996, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and remanded for resentencing.  See State v. Morris, Docket No. A-3952-93T4 slip op. (N.J. Super., App. Div., Jan. 31, 1996).  On April 24, 1996, the New Jersey Supreme Court denied certification.  See State v. Morris, 144 N.J. 378 (1996) (table).  On April 29, 1996, the Law Division resentenced Petitioner to an aggregate term of life imprisonment, with 30 years of parole ineligibility.

Petitioner filed his first petition for post-conviction relief in the Law Division on an unspecified date.[1]  On June 29, 1999, the Law Division denied relief.  On September 9, 1999, Petitioner filed a second petition for post-conviction relief in the Law Division.  (Docket entry #17-17, p. 4.)  The Law Division denied the second post-conviction relief petition on February 9, 2000.  Petitioner appealed, and on February 4, 2002, the Appellate Division decided to review the Law Division's denial of the first and second petitions for post-conviction relief, and ordered additional briefing.  The Appellate Division thereafter affirmed the denial of the first and second petitions, and the New Jersey Supreme Court denied certification on April 28, 2003.[2]  See State v. Morris, 176 N.J. 279 (2003) (table).

---

[1] The first petition for post-conviction relief is not in the record filed in this Court.

[2] Respondents did not include the Appellate Division's final decision in the record.

On July 20, 2004, Petitioner filed a third petition for post-conviction relief in the Law Division. By order filed January 10, 2006, and letter opinion dated January 9, 2006, the Law Division denied the third petition on the ground that it was time barred by New Jersey Court Rule 3:22-12. On August 22, 2006, the Appellate Division entered an order summarily affirming the January 10, 2006, order. The New Jersey Supreme Court denied certification on December 8, 2006. See State v. Morris, 189 N.J. 104 (2006) (table).

Although the Petition is undated, the cover letter that accompanied the Petition is dated February 6, 2007. The Clerk received the Petition on February 9, 2007. After notifying Petitioner pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court ordered Respondents to file an answer and permitted Petitioner time to file a reply. Respondents filed an Answer, together with several exhibits, arguing that the Petition should be dismissed as untimely and on the merits. Petitioner did not file a reply to the Answer.

The Petition raises the following grounds:

> Ground One: IN VIOLATION OF PETITIONER'S U.S. CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL, THE TRIAL COURT UNCONSTITUTIONALLY FAILED TO CHARGE THE JURY ON THE PETITIONER'S DIMINISHED CAPACITY BASED UPON PETITIONER'S INTOXICATION AT THE TIME OF THE OFFENSE. TRIAL COUNSEL'S FAILURE TO RAISE THE DEFENSE OF DIMINISHED CAPACITY DENIED PETITIONER THE EFFECTIVE ASSISTANCE OF COUNSEL. (U.S. CONST. AMENDS. VI, XIV).
>
> Ground Two: IN VIOLATION OF PETITIONER'S U.S. CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL, THE TRIAL COURT UNCONSTITUTIONALLY ADMITTED A PORTION OF PETITIONER'S STATEMENT IN WHICH HE ADMITTED THAT HE HAD COMMITTED A DIFFERENT ROBBERY ON A DIFFERENT VICTIM ON A

3

DIFFERENT DATE; IN ADDITION TO THE TRIAL COURT UNCONSTITUTIONALLY FAILING TO PROVIDE A PROPER LIMITING INSTRUCTION REGARDING THE STATEMENT. IN ADDITION, TRIAL COUNSEL FAILED TO OBJECT TO ADMITTANCE OF THE STATEMENT, NOR REQUESTED A PROPER LIMITING INSTRUCTION, WHICH DENIED PETITIONER THE EFFECTIVE ASSISTANCE OF COUNSEL. (U.S. CONST. AMENDS. VI, XIV).

Ground Three: PETITIONER'S CONVICTION WAS SECURED IN VIOLATION OF HIS FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL - AT TRIAL, ON HIS DIRECT APPEAL TO THE STATE APPELLATE DIVISION, AND ON HIS PETITION FOR CERTIFICATION TO THE STATE SUPREME COURT. (U.S. CONST. AMENDS. VI, XIV).

(Pet. addendum I, docket entry #1-1, pp. 8-14.)

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-

]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). Nor is attorney error. See Lawrence v. Florida, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

6

the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on direct appeal on April 24, 1996. The statute of limitations began to run 91 days later on July 24, 1996, the day after the time to file a petition for certiorari in the United States Supreme Court expired. Because the record does not contain Petitioner's first petition for post-conviction relief, this Court will assume without deciding that the statute of limitations was statutorily tolled from the day Petitioner filed his first petition for post-conviction relief until April 28, 2003, the day on which the New Jersey Supreme Court denied certification on his first and second petitions for post-conviction relief. Although Petitioner filed another state petition for post conviction relief on July 20, 2004, and that action was pending before the New Jersey courts until the Supreme Court of New Jersey denied certification on December 8, 2006, the limitations period was not statutorily tolled while this petition was pending because the New Jersey courts denied the petition as untimely. The Supreme Court held in Pace, 544 U.S. at 417, that a state post-conviction petition which is rejected by the state courts as untimely does not statutorily toll the limitations period because it is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Accord Allen v. Siebert, 128 S. Ct. 2 (2007).

Under these circumstances, at the latest, the statute of limitations began to run on April 29, 2003, the day after the New Jersey Supreme Court denied certification on Petitioner's first and second state post-conviction relief petitions, and expired 365 days later on April 28, 2004.

Because Petitioner did not file the § 2254 Petition in this Court until February 6, 2007, Petitioner does not contend that he is entitled to equitable tolling, and this Court sees no basis for equitable tolling, the Petition is time barred and will be dismissed with prejudice on that ground.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

This Court denies a certificate of appealability in this case because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

    /s/Joel A. Pisano  
JOEL A. PISANO, U.S.D.J.

DATED: July 23, 2008